## Kerningham, Appellant, *v.* Scanland.

A defendant cannot move to quash a forthcoming bond for irregularities, after the return term.

Where an execution, emanating from a judgment on a forthcoming bond, has been levied on sufficient property of the principal, the security cannot move to quash the bond and execution.

APPEAL from the circuit court of the county of Claiborne.

This was an appeal from the judgment of the Claiborne circuit court, quashing two executions and a forthcoming bond. On the 23d day of July, 1838, an execution issued from the clerk's office of said court in favor of the plaintiff, against Adam Mitchell, returnable to the November term, 1838, for the sum of one hundred and fifty-eight dollars and fifty cents and costs of suit. At that term the sheriff returned the execution, that he had levied the same on a negro of defendant (Mitchell,) who had bonded the property, with the defendant, Scanland, as his security, and the bond was returned forfeited. On the 3d day of February, 1840, an execution was issued on the forfeited bond against Mitchell, and Scanland as security thereon, returnable to May term, 1841, which execution the sheriff, on the 10th day of April, 1841, levied on a negro as the property of Mitchell. At the May term, 1841, Scanland, the security on the bond and defendant in this court, having brought the matter before the court on a writ of error *coram nobis*, moved to quash the original execution, the bond taken thereon, and the execution on bond, for the following reasons :

1. The original execution was irregular and illegal, because there never was any judgment entered in the court below upon which the clerk might lawfully issue the same.

2. Said execution having illegally issued, the bond thereon taken and forfeited was a nullity, and not a judgment within the statute.

Kerningham, Appellant, *v.* Scanland.

3. The last execution on said bond, and all proceedings thereon, are null and void, and contrary to law, and in every respect erroneous.

The court below gave judgment quashing the two executions and the bond, to which the plaintiff excepted; and the executions and bond, the causes assigned for the motion, are embraced in a bill of exceptions, signed and sealed, and made a part of the record. The errors assigned in this court are—

1. That the court below, on the motion and application of John M. Scanland, the security in the bond, quashed the original execution, forthcoming bond and execution thereon, for reasons insufficient in law, and which did not really exist. ·

2. That the execution to May term, 1841, having been levied on the property of the original defendant, Mitchell, said execution was satisfied; and it was not competent for the court below to entertain said motion at the instance of the security, Scanland.

3. That the defendant, Scanland, by his bond, is estopped from alleging that there was no original judgment of the court below, upon which said execution might lawfully emanate.

Maxwell for appellant.

The record fully sustains the first error assigned, and requires no further notice.

As to the second error, the plaintiff cites 5 How. 237; 1 Bur. 34. The execution having been levied by the sheriff on the property of Mitchell, the principal, Scanland, the security in the bond, was thereby discharged from his liability while said levy remained; therefore, at the time the motion was made, Scanland had no interest which would authorize him to ask the interference of the court.

But admitting that the foregoing grounds are not well taken, then the third error assigned is relied on, to wit: that Scanland, having executed the delivery bond, is estopped from denying the recitals therein.   Bank U. S. *v.* Patton, 5 How. 239, and the authorities referred to in that case.

Opinion of the court by Mr. Justice TURNER.

This appeal is taken from the judgment of the circuit court,

46*

Kerningham, Appellant, *v.* Scanland.

rendered at May term, 1841, quashing a forthcoming bond and execution which was issued and made returnable to the November term, 1838, and on which execution issued to May term, 1841, and quashing this last execution also. The original execution was against Adam Mitchell, and Scanland became his security in the forthcoming bond which the sheriff took under said execution. The last execution was levied on Mitchell's property. Scanland, the security, moved to quash.

Kerningham, the plaintiff in the suit below, and plaintiff in error, relies on two grounds to reverse the judgment. First—because it was too late at May term, 1841, to entertain a motion to quash an execution and bond returnable to November term, 1838, several terms having intervened. Second—because the last execution having been levied on the property of the principal, the security had no power or right to interfere.

On the first ground we have no doubt. The court erred in going back and quashing process to a preceding term, as has been often decided by this court.

As to the second ground, it seems equally clear. Scanland, the security, was not injured. The property of his principal, Mitchell, was levied on; and, for aught that appears, that levy was sufficient to satisfy the judgment. See 5 How. 237, 239.

The judgment of the court below is reversed.